# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MASSACHUSETTS
(Boston Division)

# 05  11611 WGY

|                                 |     |
|---------------------------------|-----|
| JAMES GOODREAU AND ANN GOODREAU | )   |
|                                 | )   |
| - vs. -                         | )   |
|                                 | )   |
| ICS, BLOUNT INC.                | )   |

MAGISTRATE JUDGE Bowler

C. A. NO.

RECEIPT #_____
AMOUNT $250_____
SUMMONS ISSUED N/A____
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK. TOM_____
DATE 8/2/05_____

## NOTICE OF REMOVAL

**TO:**  The Honorable Judges of the
United States District Court
For The District of Massachusetts

The Notice of defendant, Blount, Inc., ("Blount") respectfully shows:

1. Blount is the defendant in a civil action brought in the Superior Court of the Commonwealth of Massachusetts, Plymouth County, entitled "James Goodreau, et al v. ICS, Blount Inc.", bearing Civil Action No. PLCV 2005-00787-B. Blount was served with a copy of the Complaint in said action, on or about July 18, 2005 by certified mail. A certified copy of the State Court file which includes all pleadings filed by plaintiffs is attached hereto as Exhibit "A".

2. The above-described action is an action over which this Court has jurisdiction and is removable under the provisions of Title 28, United States Code Sections 1332 and 1441(a) and (b), in that this is a civil action between citizens of different states, as more fully appears herein, and it is believed the amount in controversy exceeds the sum or value of SEVENTY-FIVE THOUSAND DOLLARS & 00/100 ($75,000.00) based on plaintiff's assertion that they are entitled to "damages, plus interest, costs and reasonable attorney's fees".

3. As alleged in the Complaint, the plaintiffs, James Goodreau and Ann Goodreau are residents of Brockton in the County of Plymouth, Commonwealth of Massachusetts.

4. As alleged in plaintiffs' Complaint, defendant, Blount, is a corporate entity having its

principle place of business located in the City of Portland, State of Oregon.

**WHEREFORE**, defendant prays that the above action now pending in the Superior Court of the

Commonwealth of Massachusetts in and for the County of Plymouth be removed therefrom to this Court.

> Defendant,
> BLOUNT, INC.,
> By its attorneys,
> HIGGINS, CAVANAGH & COONEY, LLP
>
> Gerald C. DeMaria (BBO No. 549381)
> John F. Kelleher (BBO No. 600176)
> The Hay Building, 4th Floor
> 123 Dyer Street
> Providence, RI 02903-3987
> Telephone: 800-274-5299
>          401-272-3500 (Ext. 134, 117)
> Facsimile:  401-273-8780
> E-Mail:     gdemaria@hcc-law.com
>             jkelleher@hcc-law.com

## CERTIFICATION

I hereby certify that a copy of the within Notice of Removal was mailed, postage prepaid, to
Brian C. Dever, Esq., KECHES & MALLEN, P.C., 122 Dean Street, Taunton, Massachusetts 02780, on
this _**2ub**___ day of August, 2005.

Gerald C. DeMaria

- 2 -

-20041213
ospa⁻

### Commonwealth of Massachusetts
#### PLYMOUTH SUPERIOR COURT
#### Case Summary
#### Civil Docket

08/02/2005
10:39 AM

# PLCV2005-00787
## Goodreau et al v ICS, Blount, Inc.

| | | | | | | |
|---|---|---|---|---|---|---|
| ïe Date | 07/11/2005 | **Status** | Disposed: transfered to other court (dtrans) | | | |
| tatus Date | 08/02/2005 | **Session** | B - Civil B - CtRm 1 (Plymouth) | | | |
| Origin | 1 | **Case Type** | B05 - Products liability | | | |
| Lead Case | | **Track** | A | | | |

| | | | | | |
|---|---|---|---|---|---|
| Service | 10/09/2005 | **Answer** | 12/08/2005 | **Rule12/19/20** | 12/08/2005 |
| Rule 15 | 10/04/2006 | **Discovery** | 08/30/2007 | **Rule 56** | 10/29/2007 |
| Final PTC | 02/26/2008 | **Disposition** | 07/10/2008 | **Jury Trial** | Yes |

### PARTIES

**Plaintiff**
James  Goodreau
Active 07/11/2005

**Private Counsel 544203**
Brian C Dever
Keches & Mallen
122 Dean Street
Taunton, MA 02780
Phone: 508-822-2000
Fax: 508-822-8022
Active 07/11/2005 Notify

**Plaintiff**
Ann  Goodreau
Active 07/11/2005

**Defendant**
ICS, Blount, Inc.
Service pending 07/11/2005

**Private Counsel 549381**
Gerald C DeMaria
Higgins Cavanagh & Cooney
123 Dyer Street
The Hay Building
Providence, RI 02903
Phone: 401-272-3500
Fax: 401-273-8780
Active 08/02/2005 Notify

**Private Counsel 600176**
John F Kelleher
Higgins Cavanagh & Cooney
123 Dyer Street
Providence, RI 02903
Phone: 401-272-3500
Fax: 401-273-8780
Active 08/02/2005 Notify

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 07/11/2005 | 1.0 | Complaint & civil action cover sheet filed |

.-20041213
ospa⁻

**Commonwealth of Massachusetts**
PLYMOUTH SUPERIOR COURT
Case Summary
Civil Docket

08/02/2005
10:39 AM

## PLCV2005-00787
### Goodreau et al v ICS, Blount, Inc.

8-2-05

| te | Paper | Text |
|------|-------|------|
| /11/2005 | | Origin 1, Type B05, Track A. |
| i/02/2005 | | Notice of Removal to the U. S. District Court for the District of Massachusetts filed by Defendant's Counsel |
| 8/02/2005 | | Case REMOVED this date to US District Court of Massachusetts |

ATTEST

Frank R. Fawes

CLERK

EVENTS

case01 215133 v v v v v v

Page 2 of 2



COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, ss.

SUPERIOR COURT
CIVIL ACTION NO.: *Acv2005-787-B*

FILED
COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPT. OF THE TRIAL COURT
PLYMOUTH COUNTY

JUL 1 1 2005

*Curt R Fowey*
CLERK

JAMES GOODREAU and
ANN GOODREAU
    *Plaintiffs,*

    vs.

ICS, BLOUNT INC.
    *Defendant.*

)
)
)
)
)
)
)
)

## COMPLAINT & JURY DEMAND

1.    The Plaintiff, James Goodreau, is an individual residing at 26 Sheridan Street, Brockton, Plymouth County, Massachusetts.

2.    The Plaintiff, Ann Goodreau, is an individual residing at 26 Sheridan Street, Brockton, Plymouth County, Massachusetts.

3.    At all times material herein the Plaintiffs, James Goodreau and Ann Goodreau were lawfully married as husband and wife.

4.    The Defendant, ICS, Blount Inc., is a corporate entity having its principle place of business located at 4909 SE International Way, Portland, Oregon.

5.    Jurisdiction over the person of the Defendant is based upon the following:

       a)    The Defendant's transacting business in the Commonwealth of Massachusetts;

       b)    The Defendant's contracting to supply services or things in the Commonwealth of Massachusetts;

       c)    The Defendant's causing tortious injury by an act or omission in the Commonwealth of Massachusetts; and/or,

       d)    The Defendant's causing tortious injury in the Commonwealth of Massachusetts by an act or omission outside this commonwealth and regularly doing or soliciting business, or engaging in any other persistent course of conduct or deriving substantial revenue from goods used or consumed or services rendered, in the Commonwealth of Massachusetts, and set forth in Massachusetts General Laws, Chapter 223A, Section 3.

6.    On or about December 13, 2004, the Plaintiff, James Goodreau was employed by ProCut, Inc., located on Calvary Street in Waltham, Massachusetts.

7.    On or about December 13, 2004, during the course of his employment as a concrete cutter with ProCut, Inc., James Goodreau was operating an ICS 853 Pro-Plus hydraulic chainsaw at a job-site located on 175 Middlesex Street in Brookline, Massachusetts.

8.    The Defendant ICS, Blount Inc., manufactured and/or designed and/or placed in the channels of commerce, the hydraulic chainsaw used by the Plaintiff on or about December 13, 2004, and at all times material herein.

9.  On or about December 13, 2004, the Plaintiff James Goodreau, was seriously injured while using the ICS 853 Pro-Plus hydraulic chainsaw when he was struck by the chainsaw's chain.

## COUNT I

10. The Plaintiff, James Goodreau repeats the allegations as contained in paragraphs 1 though 9 as if re-alleged more fully herein.

11. The culpability and the negligence of the Defendant were the proximate cause of the Plaintiff's injuries as follows:

    a)  The Defendant negligently marketed, maintained, designed, and placed into the channels of commerce an inherently unsafe chainsaw, and the chainsaw was manufactured in an unsafe manner;

    b)  The Defendant negligently designed, developed, manufactured, tested, inspected, promoted, marketed, sold and distributed said chainsaw;

    c)  The Defendant failed to give warnings or instructions or adequate warnings or instructions to the Plaintiff of the risk or likelihood of danger involved in operating said chainsaw;

    d)  The Defendant negligently placed in the channels of trade, a product which it knew, or with reasonable care should have known, was dangerous and defective in nature and design, and negligently placed said product into the channels of trade in a manner which foresaw, or in the exercise of due care, should have foreseen, would probably carry said product into contact with persons, including the Plaintiff.

12. As a direct and proximate result of said injuries, the Plaintiff, James Goodreau was caused to incur and continues to incur medical expenses, was caused to lose and continues to lose time and income from his employment, and has suffered and continues to suffer an impairment to his ability to enjoy life and to attend to his usual activities.

13. At all times material herein, the Plaintiff, James Goodreau was in the exercise of due care and free from all comparative and contributory negligence.

14. The Plaintiff has satisfied all conditions precedent to the bringing of this cause of action.

    WHEREFORE, the Plaintiff James Goodreau demands judgment against the Defendant, ICS Blount, Inc., in the amount of his damages, plus interest, costs and reasonable attorneys fees.

**THE PLAINTIFF, JAMES GOODREAU, CLAIMS AND DEMANDS A TRIAL BY JURY ON ALL CAUSES OF ACTION ASSERTED HEREIN.**

## COUNT II

15.   The Plaintiff, Ann Goodreau  repeats the allegations contained in paragraphs 1 through 14 as if re-alleged more fully herein.

16.   As a direct and proximate result of the Defendant, ICS, Blount Inc.'s  negligence as alleged, the Plaintiff, Ann Goodreau  was caused to suffer and continues to suffer a loss of her husband's consortium and society.

      WHEREFORE, the Plaintiff Ann Goodreau demands judgment against the Defendant, ICS Blount, Inc., in the amount of his damages, plus interest, costs and reasonable attorneys fees.

**THE PLAINTIFF, ANN GOODREAU, CLAIMS AND DEMANDS A TRIAL BY JURY ON ALL CAUSES OF ACTION ASSERTED HEREIN.**

## COUNT III

17.   The Plaintiff repeats and reavers paragraphs 1 through 14 as if realleged more fully herein.

18.   The Defendant expressly and impliedly warrantied that the ICS 853 Pro-Plus hydraulic chainsaw was safe, merchantable, and fit for the use for which it was intended.

19.   The Defendant, in permitting, allowing, and/or suffering the after said defective, dangerous and hazardous 853 Pro-Plus hydraulic chainsaw, to be sold, breached its expressed and implied warranties related to merchantability, and fitness for a particular intended use and purpose.

20.   The Plaintiff relied on the warranties made by the Defendant and suffered severe injuries, was caused to incur and continues to incur medical bills, was caused to lose and continues to lose time and income from his employment, has suffered and continues to suffer an impairment to his ability to enjoy life and attend to his usual activities as a result of the breaches of said warranties by the Defendant.

21.   The Plaintiff has satisfied all conditions precedent to the bringing of this cause of action.

22.   The Plaintiff was in the exercise of due care at all times material herein.

      WHEREFORE, the Plaintiff James Goodreau demands judgment against the Defendant, ICS, Blount Inc., in the amount of his damages, plus interest, costs and reasonable attorneys fees.

**THE PLAINTIFF, JAMES GOODREAU, CLAIMS AND DEMANDS A TRIAL BY JURY ON ALL CAUSES OF ACTION ASSERTED HEREIN.**

## COUNT IV

23.   The Plaintiff, Ann Goodreau  repeats the allegations contained in paragraphs 1 through 22 as if re-alleged more fully herein.

24.   As a direct and proximate result of the Defendant, ICS, Blount Inc.'s breach of express and implied warranties as alleged, the Plaintiff, Ann Goodreau  was caused to suffer and

- 3 -

continues to suffer a loss of her husband's consortium and society.

WHEREFORE, the Plaintiff Ann Goodreau demands judgment against the Defendant, ICS Blount, Inc., in the amount of his damages, plus interest, costs and reasonable attorneys fees.

**THE PLAINTIFF, ANN GOODREAU, CLAIMS AND DEMANDS A TRIAL BY JURY ON ALL CAUSES OF ACTION ASSERTED HEREIN.**

Respectfully submitted,
The Plaintiff,
By their Attorney,

Brian C. Dever
BBO #544203
KECHES & MALLEN, P.C.
122 Dean Street
Taunton, MA  02780
(508) 822-2000

8-2-05
A TRUE COPY ATTEST

Frank R. Fowers
**CLERK**

- 4 -

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 05-0787B | Trial Court of Massachusetts Superior Court Department County: Plymouth |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| James Goodreau and Ann Goodreau | ICS, Blount, Inc. |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE 508-822-2000 Brian C. Dever, Esq./ Keches & Mallen, P.C. 122 Dean Street,Taunton, MA  02780 Board of Bar Overseers number: 544203 | ATTORNEY (if known) |

## Origin code and track designation

Place an x in one box only:

- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B05 | Product Liability | (A) | (X) Yes    ( ) No |

**The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.**

TORT CLAIMS
(Attach additional sheets as necessary)

FILED
COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPT. OF THE TRIAL COURT
PLYMOUTH COUNTY

JUL 11 2005

*Frank R. Powers*
CLERK

A. Documented medical expenses to date:
1. Total hospital expenses .................................................. (est.)..$20,000.00
2. Total Doctor expenses .................................................. (est.)..$ 5,000.00
3. Total chiropractic expenses ..............................................$
4. Total physical therapy expenses .................................... (est.)..$ 7,000.00
5. Total other expenses (describe) ........................................$
   Subtotal $ ...................
B. Documented lost wages and compensation to date ...........................$26,000.00
C. Documented property damages to date ..................................$
D. Reasonably anticipated future medical and hospital expenses ...............$
E. Reasonably anticipated lost wages ...................................$
F. Other documented items of damages (describe)
   $ ...................

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

The Plaintiff suffered an open right tibia fracture as well as multiple leg lacerations as a result of being struck by the chain of a chainsaw. The Plaintiff required surgery to to treat his fracture. As a result of his injuries, the Plaintiff was disabled from work and has lost in excess of $26,000.00 in earnings to date.

$ ...................
TOTAL $ 58,000.00

A TRUE COPY ATTEST

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

*Frank R. Powers*
CLERK

TOTAL $. ...................

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

**"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."**

Signature of Attorney of Record _____    DATE: 7/8/05

AOTC-6 mlc005-11/99

# Commonwealth of Massachusetts
## County of Plymouth
## The Superior Court

CIVIL DOCKET# **PLCV2005-00787-B**

RE:    **Goodreau et al v ICS, Blount, Inc.**

TO:Brian C Dever, Esquire
  Keches & Mallen
  122 Dean Street
  Taunton, MA 02780

## TRACKING ORDER - A TRACK

You are hereby notified that this case is on the average (A) track as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 10/09/2005 |
| Response to the complaint filed (also see MRCP 12) | 12/08/2005 |
| All motions under MRCP 12, 19, and 20 filed | 12/08/2005 |
| All motions under MRCP 15 filed | 10/04/2006 |
| All discovery requests and depositions completed | 08/30/2007 |
| All motions under MRCP 56 served and heard | 10/29/2007 |
| Final pre-trial conference held and firm trial date set | 02/26/2008 |
| Case disposed | 07/10/2008 |

The final pre-trial deadline is **not the scheduled date of the conference.** You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to session **B** sitting **in CtRm 1 (Court Street, Plymouth), Plymouth Superior Court.**

Dated: 07/11/2005                                  Francis R. Powers
                                                  Clerk of the Courts
                                                  BY: Adam Baler
Location: CtRm 1 (Court Street, Plymouth)          Assistant Clerk
Telephone: (508) 747-6911

# COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, SS.

SUPERIOR COURT DEPARTMENT
DOCKET NO.: PLCV2005-00787-B



JAMES GOODREAU AND
ANN GOODREAU

  - vs. -

ICS, BLOUNT INC.

## NOTICE OF REMOVAL TO THE
## UNITED STATES DISTRICT COURT

PLEASE TAKE NOTICE that defendant, Blount, Inc., in the above-entitled action, did on or about August _2ub_, 2005, file in the United States District Court for the District of Massachusetts its Notice of Removal of this action from this Court to the United States District Court, a copy of the Notice of Removal is attached hereto as Exhibit "A".

Defendant,
BLOUNT, INC.,
By its attorneys,
HIGGINS, CAVANAGH & COONEY, LLP


Gerald C. DeMaria (BBO No. 549381)
John F. Kelleher (BBO No. 600176)
The Hay Building, 4th Floor
123 Dyer Street
Providence, RI 02903-3987
Telephone: 800-274-5299
            401-272-3500 (Ext. 134, 117)
Facsimile: 401-273-8780
E-Mail:    gdemaria@hcc-law.com
           jkelleher@hcc-law.com

8-2-05
A TRUE COPY ATTEST

Frank R. Powers
CLERK

## CERTIFICATION

I hereby certify that a copy of the within Notice of Removal to the United States District Court was mailed, postage prepaid, to Brian C. Dever, Esq., KECHES & MALLEN, P.C., 122 Dean Street, Taunton, Massachusetts 02780, on this _____ 2us _____ day of August, 2005.

Gerald C. DeMaria

## UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF MASSACHUSETTS
(Boston Division)

|  |  |
|---|---|
| JAMES GOODREAU AND ANN GOODREAU | ) ) ) ) |
| - vs. - | ) C. A. NO. |
| ICS, BLOUNT INC. | ) ) ) |

## NOTICE OF REMOVAL

**TO:**   The Honorable Judges of the
United States District Court
For The District of Massachusetts

The Notice of defendant, Blount, Inc., ("Blount") respectfully shows:

1. Blount is the defendant in a civil action brought in the Superior Court of the Commonwealth of Massachusetts, Plymouth County, entitled "James Goodreau, et al v. ICS, Blount Inc.", bearing Civil Action No. PLCV 2005-00787-B. Blount was served with a copy of the Complaint in said action, on or about July 18, 2005 by certified mail. A certified copy of the State Court file which includes all pleadings filed by plaintiffs is attached hereto as Exhibit "A".

2. The above-described action is an action over which this Court has jurisdiction and is removable under the provisions of Title 28, United States Code Sections 1332 and 1441(a) and (b), in that this is a civil action between citizens of different states, as more fully appears herein, and it is believed the amount in controversy exceeds the sum or value of SEVENTY-FIVE THOUSAND DOLLARS & 00/100 ($75,000.00) based on plaintiff's assertion that they are entitled to "damages, plus interest, costs and reasonable attorney's fees".

3. As alleged in the Complaint, the plaintiffs, James Goodreau and Ann Goodreau are residents of Brockton in the County of Plymouth, Commonwealth of Massachusetts.

4. As alleged in plaintiffs' Complaint, defendant, Blount, is a corporate entity having its

principle place of business located in the City of Portland, State of Oregon.

**WHEREFORE**, defendant prays that the above action now pending in the Superior Court of the

Commonwealth of Massachusetts in and for the County of Plymouth be removed therefrom to this Court.

> Defendant,
> BLOUNT, INC.,
> By its attorneys,
> HIGGINS, CAVANAGH & COONEY, LLP
>
>
> Gerald C. DeMaria (BBO No. 549381)
> John F. Kelleher (BBO No. 600176)
> The Hay Building, 4th Floor
> 123 Dyer Street
> Providence, RI 02903-3987
> Telephone: 800-274-5299
>              401-272-3500 (Ext. 134, 117)
> Facsimile:  401-273-8780
> E-Mail:     gdemaria@hcc-law.com
>              jkelleher@hcc-law.com

## CERTIFICATION

I hereby certify that a copy of the within Notice of Removal was mailed, postage prepaid, to
Brian C. Dever, Esq., KECHES & MALLEN, P.C., 122 Dean Street, Taunton, Massachusetts 02780, on
this __*2nd*__ day of August, 2005.

Gerald C. DeMaria

- 2 -

## COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, SS.

SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO.: PLCV2005-00787-B

JAMES GOODREAU AND
ANN GOODREAU

  - vs. -

ICS, BLOUNT INC.

)
)
)
)
)
)
)
)

### NOTICE OF REMOVAL TO THE
### UNITED STATES DISTRICT COURT

PLEASE TAKE NOTICE that defendant, Blount, Inc., in the above-entitled action, did on or

about August _2ub_, 2005, file in the United States District Court for the District of Massachusetts

its Notice of Removal of this action from this Court to the United States District Court, a copy of the

Notice of Removal is attached hereto as Exhibit "A".

> Defendant,
> BLOUNT, INC.,
> By its attorneys,
> HIGGINS, CAVANAGH & COONEY, LLP
>
>
> Gerald C. DeMaria (BBO No. 549381)
> John F. Kelleher (BBO No. 600176)
> The Hay Building, 4th Floor
> 123 Dyer Street
> Providence, RI 02903-3987
> Telephone: 800-274-5299
>            401-272-3500 (Ext. 134, 117)
> Facsimile:  401-273-8780
> E-Mail:    gdemaria@hcc-law.com
>              jkelleher@hcc-law.com

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.  Title of case (name of first party on each side only) _James Goodrow v ICS Blount, Inc_
_____

2.  Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local
    rule 40.1(a)(1)).

    ___    I.      160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

    ___    II.     195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
                   740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.             for patent, trademark or copyright cases

    ✓      III.    110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                   315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                   380, 385, 450, 891.

    ___    IV.     220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
                   690, 810, 861-865, 870, 871, 875, 900.

    ___    V.      150, 152, 153.

3.  Title and number, if any, of related cases.  (See local rule 40.1(g)).  If more than one prior related case has been filed in this
    district please indicate the title and number of the first filed case in this court.
_____

4.  Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                                                    YES ☐      NO ☑

5.  Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?  (See 28
    USC §2403)
                                                                    YES ☐      NO ☑

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                                                    YES ☐      NO ☐

6.  Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                                                    YES ☐      NO ☑

7.  Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of
    Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

                                                                    YES ☐      NO ☑

    A.      If yes, in which division do all of the non-governmental parties reside?

            Eastern Division  ☐          Central Division  ☐          Western Division  ☐

    B.      If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental
            agencies, residing in Massachusetts reside?

            Eastern Division  ☑          Central Division  ☐          Western Division  ☐

8.  If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes,
    submit a separate sheet identifying the motions)

                                                                    YES ☐      NO ☑

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME _Gerald D. DeMaria_
ADDRESS _123 Dyer St. Providence RI 02903_
TELEPHONE NO. _401 272 3500_

(CategoryForm.wpd -5/2/05)

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
James Goudreau
Ann Goudreau

## DEFENDANTS
Ics, Blount, Inc.

**(b)** County of Residence of First Listed Plaintiff  Plymouth
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)    508-822-2000
Brian Dever
Keches Mallen
122 Dean St Taunton Ma 02780

Attorneys (If Known)
Gerald D. Mario
John Phillips    401-272-3500
123 Dyer St
Providence RI 02903

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government
Plaintiff

☐ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government
Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                         and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Title 28 Sections 1332 + 1441 a+b

Brief description of cause:
Civil action between citizens of diff states

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):

JUDGE                                  DOCKET NUMBER

DATE  8/2/05

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____