UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
(Boston Division)

|  |  |  |
|---|---|---|
| JAMES GOODREAU AND ANN GOODREAU | ) ) ) ) | |
| -vs.- | ) ) | C.A. No. 05-11611 WGY |
| ICS, BLOUNT INC. | ) ) ) | |

## ANSWER OF BLOUNT, INC. AND NOT
## ICS, BLOUNT INC. AS ALLEGED BY PLAINTIFF

1.    Blount, Inc., hereinafter referred to as "Blount", is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1 of the complaint and therefore presently denies the same.

2.    Blount is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 2 of the complaint and therefore presently denies the same.

3.    Blount is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3 of the complaint and therefore presently denies the same.

4.    Blount denies the allegations contained in paragraph 4 of the complaint.

5.    Blount denies the allegations contained in paragraph 5 of the complaint as those allegations are specifically and comprehensively averred.

6. Blount is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 6 of the complaint and therefore presently denies the same.

7. Blount is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 7 of the complaint and therefore presently denies the same.

8. Blount is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of the complaint and therefore presently denies the same.

9. Blount is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 9 of the complaint and therefore presently denies the same.

### ANSWER TO COUNT I

10. Blount, Inc. incorporates herein by reference all of its responses to all prior paragraphs of the plaintiffs' complaint as if fully set forth herein.

11. Blount denies the allegations contained in paragraph 11 of Count I of the plaintiffs' complaint.

12. Blount denies the allegations contained in paragraph 12 of Count I of the plaintiffs' complaint.

13.   Blount is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 13 of Count I of the plaintiffs' complaint and therefore presently denies the same.

14.   Blount denies the allegations contained in paragraph 14 of Count I of the plaintiffs' complaint.


## ANSWER TO COUNT II

15.   Blount, Inc. incorporates herein by reference all of its responses to all prior paragraphs of the plaintiffs' complaint as if fully set forth herein.

16. Blount denies the allegations contained in paragraph 16 of Count II of the plaintiffs' complaint.


## ANSWER TO COUNT III

17.   Blount, Inc. incorporates herein by reference all of its responses to all prior paragraphs of the plaintiffs' complaint as if fully set forth herein.

18.   Blount denies the allegations contained in paragraph 18 of Count III of the plaintiffs' complaint as those allegations are specifically and comprehensively averred.

19.   Blount denies the allegations contained in paragraph 19 of Count III of the plaintiffs' complaint.

20.   Blount denies the allegations contained in paragraph 20 of Count III of the plaintiffs' complaint.

21.  Blount denies the allegations contained in paragraph 21 of Count III of the plaintiffs' complaint.

22.  Blount is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 22 of Count III of the plaintiffs' complaint and therefore presently denies the same.

## ANSWER TO COUNT IV

23.  Blount, Inc. incorporates herein by reference all of its responses to all prior paragraphs of the plaintiffs' complaint as if fully set forth herein.

24.  Blount denies the allegations contained in paragraph 24 of Count IV of the plaintiffs' complaint.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' complaint fails to state claims upon which relief can be granted in that the plaintiffs have failed to allege facts sufficient to show that the plaintiffs are entitled to any relief against Blount, Inc., in fact or in law.

## SECOND AFFIRMATIVE DEFENSE

To the extent that the plaintiffs have voluntarily assumed known risks, then plaintiffs may have no recovery upon which claims are premised in the complaint.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs were guilty of comparative fault to an extent that they may have no recovery against Blount, in fact or in law.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to provide notice to the defendant as mandated by Massachusetts General Laws as a condition precedent to maintaining any claims for alleged breach of express or implied warranties and therefore plaintiffs may not maintain the within action or have any recovery against Blount premised on any claims for warranty, express or implied.

### FIFTH AFFIRMATIVE DEFENSE

There are no express warranties applicable to the above-entitled matter in that Blount was not a seller to the plaintiffs and Blount made no affirmation of fact or promise which became the basis of any bargain between the plaintiffs on the one hand and the defendant Blount on the other hand.

### SIXTH AFFIRMATIVE DEFENSE

There is no implied warranty of fitness for a particular purpose in that Blount was not a seller of any products to either of the plaintiffs, and the plaintiffs did not make known to Blount any particular purpose for which they sought to acquire the product referred to in the plaintiffs' complaint.  Further,

5

plaintiffs did not rely on the selection of the product by Blount.

### SEVENTH AFFIRMATIVE DEFENSE

There is no warranty of merchantability which applies to the above-entitled matter in that the product referred to in the plaintiffs' complaint passes within the trade without objection.

### EIGHTH AFFIRMATIVE DEFENSE

To the extent that the product referred to in the plaintiffs' complaint was not maintained in its immediate post-accident condition, then the plaintiffs are guilty of spoliation and therefore neither of the plaintiffs may have any recovery against Blount, as prayed.

Defendant Blount hereby demands trial by jury.

Defendant Blount hereby reserves the right to file such other and further pleadings as the circumstances of the case require.

Defendant,
BLOUNT, INC.
By its attorneys,

HIGGINS, CAVANAGH & COONEY, LLP


/s/ John F. Kelleher
John F. Kelleher (BBO No. 600176)
The Hay Building, 4th Floor
123 Dyer Street
Providence, RI 02903-3987
Telephone: 800-274-5299
           401-272-3500 (Ext. 117)
Facsimile: 401-273-8780
E-mail:    jkelleher@hcc-law.com


## CERTIFICATION

I hereby certify that a copy of the within document was sent by facsimile and first class mail, postage prepaid, to Brian C. Dever, Esquire, KECHES & MALLEN, P.C., 122 Dean Street, Taunton, Massachusetts 02780, facsimile number 508-822-8022, on this 1st day of September, 2005.


/s/ John F. Kelleher