UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES GOODREAU AND ) | |
| ANN GOODREAU ) | C.A. No. 05-11611 WGY |
| ) | |
| -VS.- ) | |
| ) | |
| ICS, BLOUNT INC. ) | |

### DEFENDANT, BLOUNT, INC.'S
### MOTION TO COMPEL PLAINTIFFS TO
### ANSWER INTERROGATORIES

Defendant Blount, Inc. moves, pursuant to F.R.C.P. 37(a), to compel plaintiffs to answer interrogatories propounded on or September 6, 2005, within twenty days of the date of the order granting this motion. Plaintiffs, James and Ann Goodreau, answers were due on October 6, 2005. Copies of those interrogatories are attached hereto as Exhibits A and B respectively. To date, plaintiffs have failed to provide their answers.

Defendant has in good faith conferred with the plaintiffs in an effort to secure the information without Court action.

                                        Defendant,
                                        BLOUNT, INC.
                                        By its attorneys,

                                        /s/ John F. Kelleher
                                        John F. Kelleher, Esq., (BBO No. 600176)
                                        HIGGINS, CAVANAGH & COONEY, LLP
                                        123 Dyer Street
                                        Providence, RI 02903
                                        Telephone:  (401) 272-3500
                                        Facsimile:   (401) 273-8780
                                        E-Mail:      jkelleher@hcc-law.com

Dated: November 16, 2005

## CERTIFICATE

I hereby certify that I mailed a true copy of the within document to counsel of record for the plaintiffs, Brian C. Dever, Esquire, KECHES & MALLEN, P.C., 122 Dean Street, Taunton, Massachusetts, 02780 this 16th day of November, 2005.

/s/ John F. Kelleher



EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
(Boston Division)

|   |   |
|---|---|
| JAMES GOODREAU AND ANN GOODREAU )<br>)<br>-vs.- )<br>)<br>ICS, BLOUNT INC. )<br>) | C.A. No. 05-11611 WGY |

**FIRST SET OF INTERROGATORIES ADDRESSED TO PLAINTIFF
JAMES GOODREAU BY DEFENDANT BLOUNT, INC.**

**Interrogatory No. 1:** State your full name, home address, occupation, business address, date of birth, Social Security number and marital status.

**Interrogatory No. 2:** Please identify the plaintiff's complete educational background, technical license background, employment history (for the last ten years), including the name and address of each of the plaintiff's employers and a general description of the plaintiff's duties at each identified place of employment.

**Interrogatory No. 3:** Please identify by name and address, each and every person known or believed to be a witness to the accident referred to in the plaintiff's complaint and every person known or believed to have any derivative knowledge of the accident referred to in the plaintiff's complaint. With reference thereto, please provide reasonable particularization of the information possessed by each such person having such actual or derivative knowledge.

**Interrogatory No. 4:** State whether you have knowledge of any photographs, motion pictures, video or any other pictorial or graphic representation of the scene of the accident of the plaintiff, any of the participants in the accident, the alleged product which was being used at the time and to each, state:

a. the scene or scenes depicted;
b. the date taken;
c. the name and address of the photographer; and
d. the name and address of the person having present custody of each.

**Interrogatory No. 5:** State whether you or your agents have knowledge of any statement, reports, voice recording, or other transcriptions of any kind given by you or other witnesses or individuals having knowledge concerning the incident which is the subject matter of this complaint; and if so, with respect to each, identify the name and address of the person giving it, the date taken, the name and address of the person taking it, and the name and address of the person having present custody of it.

**Interrogatory No. 6:** Please state exactly and in detail how plaintiff claims the alleged accident occurred involving the plaintiff, giving all of the events in the order of their occurrence.

**Interrogatory No. 7:** State whether you have consulted, engaged or otherwise obtained the assistance of any expert with

respect to any of the issues in this case, and if so, as to each such expert, state:

    a.    His name, home address, business address and occupation;

    b.    His educational background including schools, colleges, universities attended, and as to each, the certificate or degree thereof;

    c.    The field of his expertise and a description of the license or licenses with respect thereto, including the period of his license and the name of the issuing officer or agency;

    d.    The name and address of each professional society or organization of which he is a member;

    e.    The subject matter upon which he is expected to testify, to include the substance of the facts, opinions and/or conclusions to which the person is expected to testify, and a summary of the grounds for each opinion, and

    f.    A description and date of each written report prepared by him to include the name and address of the person having present custody or control of each such report.

**Interrogatory No. 8:**   State if you or any other person on your behalf engaged in any communication with the defendant, Blount, Inc., (or its employees) whether that communication was oral or written relating to matters set forth in the complaint; state the date of such communication, the identity of all persons present, exactly what was stated by you or such other person and exactly what was stated by the defendant, the date of all written

communication, the name of the author, and whether there exist any documents summarizing the substance of the communication and, if so, the identity of the party having present custody of such document.

**Interrogatory No. 9:** If the plaintiff or anyone acting on his behalf allege that the defendant, Blount, Inc., or anyone acting on its behalf has ever made any statement which plaintiff claims to be an admission of liability or responsibility, then with reference thereto, please state with reasonable particularity the name and address of the person or persons to whom the statement was made, the name and address of the person or persons who overheard each such identified statement, the exact time, date and place of the statements and the substance of each of the statements made.

**Interrogatory No. 10:** Please state whether any person, firm or corporation has made any inspection or tests of the product referred to in plaintiff's complaint for the purpose of determining the alleged defects referred to in plaintiff's complaint or for the purpose of determining the alleged breaches of warranty, and if so, as to each such inspection or test please state the following:

    a.    the name and address of each person, firm or corporation who or which performed each inspection and/or test;

    b.    if each was performed by a firm or corporation, state the exact name, address and occupation of the person of each such firm or corporation who performed each such inspection and/or test;

    c.    the approximate date of each such inspection and/or test;

    d.    the exact nature or description of each such inspection and/or test by describing the step by step procedure or procedures of each such inspection and/or test on each such occasion;

    e.    the name and address of each person, firm or corporation known or believed by you to have present custody or control of any report, report or memoranda of each such inspection and/or test; and

    f.    a description of the substance of each such record, report or memoranda.

**Interrogatory No. 11:** (A) Please state all the facts upon which plaintiff relies in alleging that defendant, Blount, Inc., failed to use due care in the design, development, maintenance, testing, manufacture, inspection, promotion, marketing and sale of the product referred to in the plaintiff's complaint, and with reference thereto, please state exactly what plaintiff claims that defendant Blount, Inc., should have done in order to exercise due care in connection with the above, all as referred to in the plaintiff's complaint;

(B) Please state all the facts upon which plaintiff relies in alleging that the defendant Blount, Inc., failed to use due care in connection to allegedly include reasonable and necessary warnings and instructions pertaining to the product referred to in the plaintiff's complaint and with reference thereto, please state exactly what plaintiff claims defendant Blount, Inc. should have

done in order to exercise due care in connection with the above all as referred to in plaintiff's complaint.

**Interrogatory No. 12:** Please state exactly what warnings and instructions the plaintiff claims should have been made to include the exact wording of the warnings and instructions, the size of the warnings and instructions, the type of the warning and instructions to be made, the color and size of the letters and where exactly the warnings and instructions should have been placed.

**Interrogatory No. 13:** Please state precisely and in detail all of the facts upon which plaintiff relies in his allegation that the product referred to in the plaintiff's complaint was defective in design and manufacture, and with reference thereto, please state in detail as to each:

a. in what and exact particular respects or respects the plaintiff claims that the product was defective;

b. an itemization of each and every part, portion, component or section of the entire product which plaintiff claims was or were defective;

c. an itemization and particularization of each defect for each part, portion, component or section which plaintiff claims existed at the time of manufacture and up to and including the accident referred to in the plaintiff's complaint; and

d. the manner in which each defect manifested itself.

**Interrogatory No. 14:** Please identify with reasonable particularity what plaintiff claims the alleged alternative design should have been in connection with the design of the alleged product referred to in the plaintiff's complaint providing all design drawings of the alternative design, all materials specifications and general specifications and general specifications of the alternative design, all test documents pertaining to the testing of the alternative design either in prototype or final form including test protocols, test films, test reports, and test results, and with further reference thereto, please reasonably particularize exactly what design features of plaintiff proposed alternative design plaintiff claims would have prevented the accident referred to in the plaintiff's complaint and which would have prevented or lessened the injuries sustained by the plaintiff as alleged in the plaintiff's complaint.

**Interrogatory No. 15:** Please describe in detail the nature, extent and exact location of the injuries claimed to have been sustained by the plaintiff as a result of the alleged accident referred to in the plaintiff's complaint.

**Interrogatory No. 16:** Please give an itemized statement of the expenses, if any, incurred by anyone for plaintiff for medicines, medical services, doctors, treatment, hospitals and hospitalization, nurses, x-rays, the date or dates when each was rendered or supplied and the charge for each.

**Interrogatory No. 17:** State whether the plaintiff has suffered, for a period of five years preceding the present date, from any health condition requiring medical treatment, and if so:

(a) the nature of the health condition; and

(b) the name and address of all persons and institutions which rendered treatment therefore, the nature of the treatment and the encompassing dates of such treatment.

**Interrogatory No. 18:** State whether the plaintiff has sustained at any time any other accident or accidents involving a personal injury for the period of five years preceding the present date, and if so, as to each such accident:

(a) the date, place and nature of such accident;

(b) the nature of the injury or injuries sustained therein;

(c) the name and address of all persons and institutions which rendered treatment to the plaintiff for said injuries;

(d) the name and address of the person or persons, if any, against whom the plaintiff made a claim for damages, if any, as a result of said accident;

(e) the name of the court in which the plaintiff commenced legal action, if any, for damages as a result of said accident.

**Interrogatory No. 19:** State whether anyone has advised the plaintiff to have future medicines and medical attendance, the nature of the medicine and medical attendance advised, the name and

8

address of the person or persons advising the same, and the length of time, to the best of the plaintiff's knowledge, that the need for the same is expected to continue.

**Interrogatory No. 20:** State the descriptive title of the position or job of the plaintiff at the time of the alleged injuries, the name and address of plaintiff's employer and the amount of his/her average weekly wages or earnings for the period commencing three months prior to the alleged injury and ending on the date of the alleged injury.

**Interrogatory No. 21:** Give an itemized statement of the sums of money, if any, alleged to have been lost by reason of the plaintiff's alleged incapacity including the length of time, giving specific dates, that the plaintiff claims to have been unable to perform his/her usual occupation.

**Interrogatory No. 22:** Other than the institution of this lawsuit, have you or your attorneys or representatives made a claim, oral or written, against any person, entity in connection with this occurrence?  If the response is in the affirmative, state as to each such claim:

    a.    whether it was made in writing or orally and who made such claim on your behalf;

    b.    the name, address and name of the organization, if any insurance carrier, upon whom such claim was made;

    c.    the date of each such claim;

    d.    the name and address of the recipient of each such notice of claim; and

    e.    the name and address of the person or persons having custody of originals or copies of any of the documents or releases referred to in your response to subdivision (d) of this interrogatory and please attach a copy of said release or releases to these answers to interrogatories.

**Interrogatory No. 23:** State in time sequence everything that the plaintiff did with the product with reference to the operation of the chainsaw and state exactly how the chainsaw responded for five (5) minutes prior to the accident referred to in the plaintiff's complaint, including all actions which the plaintiff made with his hands or feet or other parts of the body in connection with the operation of the chainsaw.

**Interrogatory No. 24:** Please state the total sum you or your attorneys or representatives have thus far received in settlement or compromise of claims or potential claims arising out of the accident described in the complaint.

```
                    Defendant,
                    BLOUNT, INC.
                    By its attorneys,

                    HIGGINS, CAVANAGH & COONEY, LLP


                    _____
                    John F. Kelleher (BBO No. 600176)
                    The Hay Building, 4th Floor
                    123 Dyer Street
                    Providence, RI 02903-3987
                    Telephone: 800-274-5299
                               401-272-3500 (Ext. 117)
                    Facsimile: 401-273-8780
                    E-mail:    jkelleher@hcc-law.com
```

## CERTIFICATION

I hereby certify that a copy of the within document was sent by first class mail, postage prepaid, to Brian C. Dever, Esquire, KECHES & MALLEN, P.C., 122 Dean Street, Taunton, Massachusetts 02780 on this __6th__ day of September, 2005.

_E. Pearl_

11

EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
(Boston Division)

| | |
|---|---|
| JAMES GOODREAU AND ANN GOODREAU<br><br>-vs.-<br><br>ICS, BLOUNT INC. | C.A. No. 05-11611 WGY |

**FIRST SET OF INTERROGATORIES ADDRESSED TO PLAINTIFF
ANN GOODREAU BY DEFENDANT BLOUNT, INC.**

**Interrogatory No. 1:** Please state your full name, home address, occupation, business address, date of birth, Social Security number and marital status.

**Interrogatory No. 2:** Please state the number of years that you have been married to plaintiff, James Goodreau.

**Interrogatory No. 3:** Please state whether you have ever been separated from plaintiff for any domestic discord, and if so, identify the date or encompassing dates of the separation and the reasons therefor.

**Interrogatory No. 4:** Please state whether you or the plaintiff have ever undergone marital counseling for any reason, and if so, please state the following:

    (a) the encompassing date or dates of the marriage counseling;

    (b) the exact reasons for the marriage counseling;

    (c) the name and address of the person, firm or corporation who provided marriage counseling services to the plaintiffs;

 (d) the diagnosis, prognosis and recommendation for treatment pertaining to the reason for marital counseling.

**Interrogatory No. 5:** Please state whether you or the plaintiff have ever sought the services of an attorney for separation, divorce or marital counseling, and if so, please state the following:

 (a) the dates of each such secured legal service;

 (b) the identity of the attorney by name and address whose legal services were sought;

 (c) the name and address of the court and the civil action number pertaining to any domestic relation action of any nature commenced in any jurisdiction between these parties;

 (d) the grounds sought for the legal proceedings described above;

 (e) the results of the then present pending legal proceedings for domestic relations.

**Interrogatory No. 6:** Please state all of the facts upon which you rely in alleging that you suffer and continue to suffer a loss of your husband's consortium and society, as alleged in the plaintiffs' complaint and with reference thereto, please state the following:

 (a) the factual basis upon which you claim that you have lost the consortium and society of your husband;

 (b) exactly what you factually claim your loss of "consortium" is, and your loss of "society" of your husband is, being

specific as you can be in a factual definition of each identified and claimed loss;

(c) please state the date or encompassing dates of the claimed loss of consortium and society which you claim you suffered as a result of the terms which are defined in the above sub-sections of this interrogatory.

**Interrogatory No. 7:** Please state exactly what damages in monetary amount you claim for the defined and identified loss of "consortium and society" of your husband, being as particular as you can be as to a claimed dollar amount for each identified claim being made.

**Interrogatory No. 8:** Please state whether during the course of your marriage you have engaged in any sexual relations with any other person of any sex, and if so, please state the following:

(a) the name and address of each such person;

(b) the date or dates of the sexual relations engaged in by you with each above described person;

(c) the places where each such act of sexual relations occurred with each such above identified person or persons not married to you;

(d) the name and address of each and every person known or believed to be a witness to each such act or known or believed to have any knowledge pertaining to each such act.

**Interrogatory No. 9**: Please state the name and address of each and every person known or believed to have any knowledge concerning any of the claims for loss of consortium and society as claimed by you and with reference thereto, please state the substance of the information in each such identified person's possession and/or control.

                Defendant,
                BLOUNT, INC.
                By its attorneys,

                HIGGINS, CAVANAGH & COONEY, LLP

                _/s/ John F. Kelleher_
                John F. Kelleher (BBO No. 600176)
                The Hay Building, 4th Floor
                123 Dyer Street
                Providence, RI 02903-3987
                Telephone: 800-274-5299
                             401-272-3500 (Ext. 117)
                Facsimile: 401-273-8780
                E-mail: jkelleher@hcc-law.com

**CERTIFICATION**

    I hereby certify that a copy of the within document was sent by first class mail, postage prepaid, to Brian C. Dever, Esquire, KECHES & MALLEN, P.C., 122 Dean Street, Taunton, Massachusetts 02780 on this _6th_ day of September, 2005.

                                _/s/ E. Pearl_